UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KATIE YOUNG                                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:25-CV-153-KHJ-MTP

UNITED STATES DISTRICT COURT                                                             DEFENDANT
FOR THE NORTHERN DISTRICT OF
MISSISSIPPI

ORDER

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. [9]. For the following reasons, the Court adopts the Report as its findings and dismisses the case with prejudice.

I.    Background

Pro se Plaintiff Katie Young ("Young") claims that United States Magistrate Judge Jane Virden said this to her during a settlement conference: "DO GOD NEED $7 Billion dollars." Compl. [1] at 1, 4. Young says that statement was unconstitutional religious discrimination. *Id.* at 3. So she sued the United States District Court for the Northern District of Mississippi for $7 billion in monetary damages. *Id.* at 7.

The Court granted Young in forma pauperis status. Order [8]. Then, as required by 28 U.S.C. § 1915(e)(2), Magistrate Judge Parker screened Young's [1] Complaint and determined that it "is frivolous and presents no plausible claim for

relief."[1] [9] at 1. Accordingly, Magistrate Judge Parker recommended the Court dismiss Young's case with prejudice. *Id.* at 5. Young timely objected. Pl.'s Obj. [10].

The Court overrules Young's [10] Objections, adopts the [9] Report, and dismisses this case.

II.     Standard

The Court reviews de novo the portions of the [9] Report to which Young objects. 28 U.S.C. § 636(b)(1). It reviews the remaining portions under a clearly erroneous, abuse of discretion, and contrary to law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Some general rules govern the Court's examination of a Magistrate Judge's report and any objections to that report. First, an objecting party cannot "raise a factual objection by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (citation modified). Neither must the Court consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (citation modified). And finally, in issuing its ruling, the Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Guided by this standard, the Court turns to the [9] Report and Young's [10] Objections.

---

[1] Under Section 1915(e)(2), a court can dismiss an in forma pauperis complaint for frivolity or failure to state a claim, among other reasons. 28 U.S.C. § 1915(e)(2); *see also Newsome v. Equal Emp. Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir. 2002).

III.    Analysis

The [9] Report recommends that the Court dismiss Young's case with prejudice because it is frivolous and fails to state a claim for relief. [9] at 1. Young objects to that recommendation for two reasons. First, she contends that Magistrate Judge Parker misconstrued the nature of her claims. [10] at 2. Second, she opposes Magistrate Judge Parker's judicial immunity analysis. *Id.* The Court overrules both objections.

Young also requests leave to amend her complaint. [10] at 2–3. But her request is procedurally improper, and any amendment would be futile. So the Court denies her request for leave to amend.

A.  The Objections

Both of Young's objections—first that Magistrate Judge Parker misconstrued her claims, and second that he misapplied judicial immunity—lack merit.

For starters, the [9] Report resolved Young's claims as she presented them. The [1] Complaint and the [1-1] Civil Cover Sheet show that Young sued for religious discrimination in violation of the First Amendment. [1] at 3; Civ. Cover Sheet [1-1]. The [9] Report correctly identified and addressed these claims. [9] at 2 ("This, says Young, was religious discrimination in violation of the First Amendment.") Young's suggestion otherwise is meritless.

Young's legal authority does not bolster her objection. She cites to two decades-old Supreme Court cases—*Everson v. Board of Educ.*, 330 U.S. 1 (1947) and *Schempp v. Abington Sch. District*, 374 U.S. 203 (1963)—but neither case suggests

3

that Magistrate Judge Parker misconstrued Young's claims. They do, however, support Young's overarching theory that "government officials, including Judges, must remain Neutral toward Religion." [10] at 2. And Young is right about that: The Establishment Clause of the First Amendment *does* require the government to remain neutral in matters of religion. *See Cath. Charities Bureau, Inc. v. Wis. Lab. & Indus. Rev. Comm'n*, 605 U.S. 238, 241 (2025) ("The First Amendment mandates government neutrality between religions. . ..") Even so, Young's claims do not turn on whether Magistrate Judge Virden was bound by the Establishment Clause; they fail because Young cannot maintain a claim for money damages against the defendant she sued—the United States District Court. [9] at 2–3. For this reason, the Court overrules Young's first objection.

In Young's second objection, she takes issue with the [9] Report's judicial immunity analysis. [10] at 2. But this objection presents a similar problem as the first one. Young misunderstands the [9] Report. It does not, as Young suggests, rely on judicial immunity to dismiss her case against the United States District Court. Rather, the [9] Report addresses judicial immunity as a defense "to the extent [Young] intends to bring a claim against Judge Virden." [9] at 3. And the [9] Report is correct. Even if Young had sued Magistrate Judge Virden, judicial immunity would bar her claim. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 362 (1978); *Morrison v. Walker*, 704 F. App'x 369, 372–73 (5th Cir. 2017).

Just like with her first objection, Young's legal authority misses the mark here. She cites *Mireles v. Waco*, a Supreme Court case acknowledging that judicial

4

immunity is inapplicable to nonjudicial actions. 502 U.S. 9, 11 (1991). While Young's general understanding of the law is correct—judicial immunity would not protect a defendant's nonjudicial actions—her application is wrong. As Magistrate Judge Parker concluded, Magistrate Judge Virden's statements during a settlement conference are part of "a normal judicial function." [9] at 4. So the [9] Report correctly found that even if Young had sued Magistrate Judge Virden, she could not overcome judicial immunity. For these reasons, the Court overrules Young's second objection.

B. Request to Amend

Finally, the Court addresses Young's request for leave to amend, which she embedded in her [10] Objections. [10] at 2–3. The Court denies that request for two reasons.

First, the request is procedurally improper under the Court's Local Rules. "Any motion must be an item docketed separately from a response." L.U. Civ. R. 7(b)(3)(C). And when a plaintiff moves for leave to amend under Federal Rule of Civil Procedure 15(a), the Local Rules require the plaintiff to attach a "proposed amended pleading." L.U. Civ. R. 7(b)(2), 15. Young's request did not follow this procedure.

Second, Young's proposed amendment would be futile. Young proposes to "clarify the Constitutional basis for Relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), or other applicable authority." [10] at 2. As best the

5

Court can tell, this means Young wants to bring a *Bivens* claim against Magistrate Judge Virden.

Young's *Bivens* claim would fail as a matter of law. While *Bivens* does provide a cause of action against federal officials in their individual capacities, it has a limited application. *See Springer v. United States*, No. 21-11248, 2022 WL 2208516, *1 (5th Cir. June 21, 2022) (per curiam). The Supreme Court has authorized *Bivens* actions only three times: once under the Eighth Amendment for inadequate medical treatment to an inmate; once under the Fifth Amendment for gender discrimination; and once under the Fourth Amendment for unlawful search and seizure. *Id.* (collecting cases). "*Bivens* does not extend to new contexts . . . that are different in a meaningful way from *Bivens* cases decided by the Supreme Court." *Id.* (citation modified).

The Supreme Court has not extended *Bivens* to Young's proposed claim—a civil claim against a federal judge for remarks made during legal proceedings. *See Thomas v. Barker*, No. 6:25-CV-066, 2025 WL 978993, *4 (E.D. Tex. Mar. 7, 2025) (collecting cases finding that "*Bivens* does not provide any cause of action against federal judges in their individual capacities"). Accordingly, it would be futile to allow Young to assert a *Bivens* claim against Magistrate Judge Virden. And, as the Court already decided, judicial immunity would bar Young's claims against Magistrate Judge Virden anyway. *See supra* Section III.A. Simply put, any amended pleading would fail to state a claim for relief.

For these reasons, the Court denies Young's request for leave to amend.

C. Remainder of the [9] Report

Young does not specifically object to the rest of the [9] Report. The remainder is not clearly erroneous, an abuse of discretion, or contrary to law. *See Wilson*, 864 F.2d at 1221. Young's lawsuit "is frivolous and presents no plausible claim for relief." [9] at 1. So the Court adopts the [9] Report as its opinion and dismisses Young's case under 28 U.S.C. § 1915(e)(2).

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS the [9] Report and DISMISSES Young's [1] Complaint with prejudice. The Court will enter a separate final judgment consistent with this Order.

The Court advises Young that should she continue to pursue frivolous or malicious lawsuits, this Court may bar her from proceeding in forma pauperis in any action in this Court or from filing new actions without prior permission.

SO ORDERED, this 19th day of November, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE